Argued and submitted July 15, reversed September 3, reconsideration denied November 21, 1986, petition for review denied February 3, 1987 (302 Or 594)

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY ALAN WILSON,
*Appellant.*

(M-66014; CA A38990)

724 P2d 840

Timothy P. Dunn, Aloha, argued the cause and filed the brief for appellant.

Jeff Ellis, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

Van Hoomissen, J., dissenting.

## WARDEN, P. J.

Defendant appeals from a judgment of conviction for harassment by telephone. ORS 166.065(1)(d). He argues that the recipient of the telephone call was not alarmed by it and that she did not believe that the caller had the ability to commit the felony which he threatened. We reverse.

On November 4, 1985, Cynthia Mazekowski, a resident supervisor at the Washington County Restitution Center, received a telephone call at the center. The caller said, "I'm going to blow up the building in 45 minutes." Mazekowski recognized the voice as that of defendant, who previously had been a resident at the center. She testified:

"My first reaction was to shake my head and say, 'When is this guy going to grow up?' But I realized I couldn't do that, so I picked up the phone and paged the front office * * *."

After receiving the telephoned threat, Mazekowski called the Washington County jail, where defendant was being held, to confirm that he had access to a phone. When she was informed that he had been on the phone, she called the police and evacuated the building. She testified that she thought there was

"no possibility of a bomb going off because I knew it was Jeff, knew he was behind bars, and I knew he couldn't have planted a bomb."

On cross-examination, the following exchange took place:

"Q. But you were pretty confident that there was no ability to carry out this threat?

"A. That's correct, we evacuated the building because, of course, we had to, and we did leave it [at] what we thought was 2 minutes before it was supposed to blow, and so we did act on it, but I really didn't feel it was a threat."

The Oregon Supreme Court recently passed on the constitutionality of ORS 166.065(1)(d)[1] in *State v. Moyle,* 299

---

[1] ORS 166.065(1)(d) provides:

"A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, the actor:

"* * * * *

"(d) Subjects another to alarm by conveying a telephonic or written threat to inflict serious physical injury on that person or to commit a felony involving the person or property of that person or any member of that person's family, which threat reasonably would be expected to cause alarm."

Or 691, 705 P2d 740 (1985). In order to avoid a violation of Article I, section 8, of the Oregon Constitution, the court narrowly interpreted the statute so that it would not proscribe constitutionally protected speech:

> "The statute requires that the victim be alarmed. We think 'alarm' in this statute means more than mere inconvenience or feelings of anguish which are the result of angry or imposing words; it *means being placed in actual fear* or terror resulting from a sudden sense of danger. * * *"
>
> "* * * * *
>
> "The statute, as written, requires neither proof of a specific intent to carry out the threat nor of any present ability to do so. However, the elements—*actual alarm* and the reasonableness of the alarm under the circumstances— have a similar purpose and effect. These elements limit the reach of the statute to threats which are so unambiguous, unequivocal and specific to the addressee that *they convincingly express to the addressee the intention that they will be carried out.*" 299 Or at 703. (Emphasis supplied.)

The court interpreted "alarm" to mean its dictionary definition: " 'fear or terror resulting from a sudden sense of danger.' " 299 Or at 706. (Citation omitted.)

There is nothing in Mazekowski's testimony to indicate that she experienced fear or terror at the time of the call. Although she had the building evacuated, it is clear that she was not alarmed. The only reason given for evacuation of the building was, "because, of course, we had to." Even viewing the facts in the light most favorable to the state, it is not possible to conclude that Mazekowski, the recipient of the phone call, was alarmed.[2]

Reversed.

**VAN HOOMISSEN, J.,** dissenting.

I would affirm the trial court's decision and, therefore, respectfully dissent.

---

[2] The recipient of the threat must also be reasonably alarmed; *had* Mazekowski actually been alarmed, the facts support a finding that her alarm would have been reasonable. Defendant could have planted a bomb while he was a resident at the center, or he could have had someone else plant it there. However, as *State v. Moyle, supra,* makes clear, the statute requires actual alarm as well as that the alarm be objectively reasonable. The requirement of actual alarm has not been satisfied in this case.